No. 21,770.

## A. C. GOULD, *Appellee*, v. A. C. STEWART, *Appellant*.

### SYLLABUS BY THE COURT.

REAL-ESTATE AGENT — *Commissions* — *Evidence Should Have Been Submitted to Jury*. In an action for a real-estate agent's commission, it is held that there was some evidence to support the defense, and therefore that the court erred in directing judgment for the plaintiff.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 7, 1918. Reversed.

*Archie D. Neale*, of Chetopa, for the appellant.

*E. L. Burton*, of Parsons, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment against the defendant for a real-estate agent's commission, and the defendant appeals. The plaintiff commenced the action to recover from the defendant $450 commission alleged by the plaintiff to have been earned by him in effecting an exchange of real property between the defendant and Marion Moore. The petition alleged that the defendant had agreed to pay the plaintiff a commission for procuring an exchange of real property; that the plaintiff brought together the defendant and Marion Moore, who signed a written contract providing for the exchange of real estate; that the defendant refused to make the exchange; and that the plaintiff had earned his commission, amounting to $450. The defendant's answer alleged that the defendant was to pay the plaintiff a commission of $400, provided a trade was consummated; and that the contract signed by the defendant and Marion Moore provided—

"That the abstract to each property or properties owned by each of the parties hereto shall be subject to the approval of the other party or his attorney, before papers in the nature of deeds or other conveyances are made. . . .

". . . It is hereby agreed that no commission shall be collected untill the deal is consummated."

The contract was not signed by the plaintiff.

There was evidence which tended to prove the allegations of the petition, and there was other evidence which tended to establish the defense set up in the answer. The defendant's attorney refused to approve the abstract of the title to Moore's property, and the exchange was never made. At the conclusion of the defendant's evidence, the court directed the jury to return a verdict in favor of the plaintiff for $400. The defendant insists that the court erred in so doing; that all the questions presented were questions of fact; and that the cause should have been submitted to the jury under proper instructions.

There was evidence introduced which should be specifically noticed before reaching a conclusion on the question presented by the court's directing a verdict. The wife of the defendant at first refused to sign any deed conveying the property. A part of the property to be conveyed by the defendant was the homestead of himself and of his wife. Afterward she concluded to sign the deed, and did so. After the controversy arose between the defendant and Moore concerning the exchange of property, the defendant conveyed to his father-in-law eighty acres of the land for the purpose of securing an indebtedness owing by the defendant to his father-in-law and for the further purpose of compelling Moore to commence in the state of Kansas any action that he might desire to bring arising out of the contract. The deed signed by the defendant and his wife conveying the property to Moore included the property that had been conveyed to the defendant's father-in-law. After the defendant and his wife had signed the deed to Moore, the defendant and Moore submitted to each other abstracts of title to the property to be conveyed, and those abstracts were deposited in a bank. The attorney for the defendant, after examining the abstracts submitted by Moore, refused to approve them, but did not give any specific reason for so doing; although he did suggest that new abstracts might be made or that those submitted might be brought down to date.

Did the defendant's deed to his father-in-law render the defendant unable to comply with his contract? Did he, in good faith, refuse to comply with his contract? What was the contract between the plaintiff and the defendant? These were questions of fact to be determined by the jury. Every ques-

tion presented by the evidence was a question of fact that should have been submitted to the jury under proper instructions, and it was error for the court to withdraw from the jury the consideration of those questions.

The defendant complains of the exclusion of evidence offered by him. In view of the conclusion reached on the main question presented, it is not deemed necessary to discuss the questions of law arising out of the exclusion of the evidence offered. The evidence excluded was not produced on the motion for a new trial, and the questions presented by the exclusion of that evidence cannot be considered. (Civ. Code, § 307; Gen. Stat. 1915, § 7209.)

Because of the error in directing a verdict in favor of the plaintiff, the judgment is reversed, and a new trial is directed.